| STATE OF INDIANA | ) | HENDRICKS SUPERIOR COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF HENDRICKS | ) | CAUSE NO.: _____ |

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF INDIANA as Subrogee of PATRICK and SUSAN GILLESPIE, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. |
| FTL, INC. d/b/a SOLEUS NA, TCL DELONGHI HOME APPLIANCES (ZHONGSHAN) CO., LTD., DELONGHI AMERICA, INC., TCL HOME APPLIANCES (NORTH AMERICA) COMPANY LIMITED, SOLEUS INTERNATIONAL, INC., SOLEUS N.A., MJC AMERICA, INC., MJC AMERICA, LTD. d/b/a SOLEUS INTERNATIONAL, MJC AMERICA HOLDINGS CO., INC., and MENARDS, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES Plaintiff, SAFECO INSURANCE COMPANY OF INDIANA as Subrogee of PATRICK and SUSAN GILLESPIE, by and through its attorneys, and for its Complaint against Defendants, FTL, INC. d/b/a SOLEUS NA, TCL DELONGHI HOME APPLIANCES (ZHONGSHAN) CO., LTD., DELONGHI AMERICA, INC., TCL HOME APPLIANCES (NORTH AMERICA) COMPANY LIMITED, SOLEUS INTERNATIONAL, INC., SOLEUS N.A., MJC AMERICA, INC., MJC AMERICA, LTD. d/b/a SOLEUS INTERNATIONAL, MJC AMERICA HOLDINGS CO., INC., and MENARDS, INC., states as follows:

Exhibit B

## ALLEGATIONS COMMON TO ALL COUNTS

1. At all times relevant, PATRICK and SUSAN GILLESPIE, were the owners of the property and home located at 746 S. County Road 525 W, Danville, Indiana ("Property").

2. At all times relevant, Plaintiff, SAFECO INSURANCE COMPANY OF INDIANA, an Indiana corporation duly authorized to do business in the State of Indiana, was the insurance carrier for PATRICK and SUSAN GILLESPIE ("Insureds") with respect to the Property, and pursuant to its policy of insurance is subrogated to the right of its Insureds.

3. At all times relevant, Defendant, FTL, INC. d/b/a SOLEUS NA, was a foreign corporation located at 721 W. Whittier Blvd., #R, La Habra, CA 90631.  Its registered agent for service of process is Felix Jiaren Le, 721 W. Whittier Blvd., #R, La Habra, CA 90631.

4. At all times relevant, Defendant, TCL DELONGHI HOME APPLIANCES (ZHONGSHAN) CO., LTD., was a foreign corporation located at Shenghui North No.50, Nantou, Zhongshan, Guangdong, China.

5. At all times relevant, Defendant, DELONGHI AMERICA, INC., was a foreign corporation located at 2 Park Way & Route 17 S, Upper Saddle River, NJ 07458. Its registered agent for service of process is Corporation Service Company, 251 Little Falls Dr., Wilmington, DE 19808.

6. At all times relevant, Defendant, TCL HOME APPLIANCES (NORTH AMERICA) COMPANY LIMITED, was a foreign corporation located at 2455 Anselmo

Drive, Suite 101, Corona, CA 92879. Its registered agent for service of process is Business Filings Incorporated, 108 West 13th St., Wilmington, DE 19801.

7. At all times relevant, Defendant, SOLEUS INTERNATIONAL, INC., was a foreign corporation located at 20035 E. Walnut Dr. N, City of Industry, CA 91789.

8. At all times relevant, Defendant, SOLEUS N.A., was a foreign corporation located at 935 S. Lawson St., City of Industry, CA 91748.

9. At all times relevant, Defendant, MJC AMERICA, INC., was a foreign corporation located at 20035 E Walnut Dr. N, Walnut, CA 91789.

10. At all times relevant, Defendant, MJC AMERICA, LTD. d/b/a SOLEUS INTERNATIONAL, was a foreign corporation located at 20035 E Walnut Dr. N, Walnut, CA 91789. Its registered agent for service of process is Simon Chu, 280 S. Lemon Ave., #1507, Walnut, CA 91788.

11. At all times relevant, Defendant, MJC AMERICA HOLDINGS CO., INC., was a foreign corporation located at 9645 Telstar Ave., #23C, El Monte, CA 91731. Its registered agent for service of process is Charely Loh, 9645 Telstar Ave., #23C, El Monte, CA 91731.

12. At all times relevant, Defendant, MENARDS, INC., was a foreign corporation, located at 5101 Menard Drive, Eau Claire, WI 54703. Its registered agent for service of process is Corporation Service Company, 8040 Excelsior Dr., Suite 400, Madison, WI 53717-2915.

13. This Court has jurisdiction over the parties and the subject matter of this litigation pursuant to Rule 4.4(A) of the Indiana Rules of Trial Procedure.

14. That prior to December 13, 2018, one or more of the Defendants designed, manufactured, distributed, assembled, and/or sold, a Soleus Air dehumidifier, Model No. HMT-D45E-A ("Product").

15. That on or about December 13, 2018, the Product, which was designed, manufactured, distributed, assembled, and/or sold by one or more of the Defendants, was in the same or substantially same condition as when it was originally sold.

16. That on or about December 13, 2018, the Product failed, causing a fire at the Insureds' Property.

## COUNT I – NEGLIGENCE

17. Plaintiff incorporates and re-alleges Paragraphs 1-16 of the Allegations Common to All Counts as though fully set forth herein.

18. At all times relevant, Defendants owed a duty to Plaintiff and others to exercise reasonable care and due caution in the design, manufacture, assembly, distribution and sale of the aforementioned Product so as not to cause injury to persons.

19. Notwithstanding said duties, and in violation thereof, Defendants committed one or more of the following negligent acts and/or omissions:

   (a) Carelessly and negligently, designed, manufactured, distributed, assembled and/or sold the aforesaid Product;

   (b) Carelessly and negligently designed, manufactured, distributed, assembled and/or sold the aforesaid Product in a defective and unreasonably dangerous condition, thereby putting others at risk of injury;

   (c) Carelessly and negligently, designed, manufactured, distributed, assembled and/or sold the aforesaid Product even though it was defectively designed and/or manufactured;

    (d)    Carelessly and negligently placed the aforesaid Product in an unreasonably dangerous and defective condition into the stream of commerce;

    (e)    Carelessly and negligently failed to warn Plaintiff and others of the unreasonable risk of harm that arose in connection with use of the Product; and

    (f)    Was otherwise careless and negligent in designing, manufacturing, distributing, assembling and/or selling the aforesaid Product.

20.    As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendants, on or about December 13, 2018, the Product failed, causing a fire and a substantial amount of damage to the Property of Insureds.

21.    That pursuant to the aforementioned policy of insurance, Plaintiff was required and did pay to or on behalf of Insureds damages in the amount of $218,125.41, that Insureds incurred a $1,000.00 deductible, and Plaintiff is subrogated to the rights of its Insureds.

WHEREFORE, Plaintiff, SAFECO INSURANCE COMPANY OF INDIANA as Subrogee of PATRICK and SUSAN GILLESPIE, prays that judgment be entered against Defendants in the amount of $219,125.41, plus costs of suit, and such other relief as this court deems proper and just.

## COUNT II – STRICT PRODUCT LIABILITY

22.    Plaintiff incorporates and re-alleges Paragraphs 1-16 of the Allegations Common to All Counts as though fully set forth herein.

23.    Upon information and belief, Defendants designed, manufactured, assembled, distributed, sold and/or otherwise placed into the stream of commerce the

subject Product, which was installed at the Insureds' Property sometime prior to December 13, 2018.

24. The subject Product, its component parts and appurtenances thereto were designed, manufactured, assembled, distributed, sold and placed into the stream of commerce by the Defendants in a defective condition unreasonably dangerous to Insureds and others.

25. Insureds used the subject Product in its intended and reasonably foreseeable manner.

26. The subject Product was intended to and did reach Insureds without substantial change in its condition.

27. As a direct and proximate result of one or more of the defective and unreasonably dangerous conditions of the Product designed, manufactured, distributed and sold by Defendants, on or about December 13, 2018, the Product failed, causing a fire and a substantial amount of damage to the Property of Insureds.

28. That pursuant to the aforementioned policy of insurance, Plaintiff was required and did pay to or on behalf of Insureds damages in the amount of $218,125.41, that Insureds incurred a $1,000.00 deductible, and Plaintiff is subrogated to the rights of its Insureds.

WHEREFORE, Plaintiff, SAFECO INSURANCE COMPANY OF INDIANA as Subrogee of PATRICK and SUSAN GILLESPIE, prays that judgment be entered against Defendants in the amount of $219,125.41, plus costs of suit, and such other relief as this court deems proper and just.

## COUNT III – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

29. Plaintiff incorporates and re-alleges Paragraphs 1-16 of the Allegations Common to All Counts as though fully set forth herein.

30. Upon information and belief, Defendants designed, manufactured, assembled, distributed, sold and/or otherwise placed into the stream of commerce the subject Product, its component parts and appurtenances thereto.

31 In conjunction with the design, manufacture, assembly, distribution and/or sale of the subject Product, Defendants impliedly warranted that the subject Product was of good and merchantable quality, free from defects in design, materials and/or workmanship.

32. Insureds purchased the subject Product in reliance on the Defendants' warranties.

33. Notwithstanding said warranties, the subject Product, its component parts and appurtenances thereto were designed, manufactured, assembled, distributed, sold and placed into the stream of commerce by Defendants in a defective condition unreasonably dangerous to Insureds.

34. Insureds used the subject Product in its intended and reasonably foreseeable manner.

35. The subject Product was intended to and did reach Insureds without substantial change in its condition.

36. As a direct and proximate result of one or more of the defective and unreasonably dangerous conditions of the subject Product, its component parts and

appurtenances thereto, on or about December 13, 2018, the Product failed, causing a fire and a substantial amount of damage to the Property of Insureds.

37.     That pursuant to the aforementioned policy of insurance, Plaintiff was required and did pay to or on behalf of Insureds damages in the amount of $218,125.41, that Insureds incurred a $1,000.00 deductible, and Plaintiff is subrogated to the rights of its Insureds.

WHEREFORE, Plaintiff, SAFECO INSURANCE COMPANY OF INDIANA as Subrogee of PATRICK and SUSAN GILLESPIE, prays that judgment be entered against Defendants in the amount of $219,125.41, plus costs of suit, and such other relief as this court deems proper and just.

Respectfully submitted,

BY: _____
Edgar R. Lantis, #15776-29
*Attorney for Plaintiff, Safeco Insurance Company of Indiana as Subrogee of Patrick and Susan Gillespie*

LIBERTY MUTUAL GROUP FIELD LEGAL OFFICES
11611 N. Meridian Street, Suite 410
Carmel, IN  46032
Tel: 317-582-0438
Fax: 866-200-5771
Edgar.Lantis@LibertyMutual.com