UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF INDIANA a/s/o Patrick and Susan Gillespie, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 1:20-cv-00297-JRS-TAB<br>) |
| FTL, INC.<br>    d/b/a SOLEUS NA,<br>DELONGHI AMERICA, INC.,<br>TCL DELONGHI HOME APPLIANCES<br>CO. LTD Zhongshan,<br>SOLEUS INTERNATIONAL, INC.,<br>SOLEUS N.A.,<br>MJC AMERICA, INC.,<br>MJC AMERICA LTD.<br>    d/b/a SOLEUS INTERNATIONAL,<br>MJC AMERICAN HOLDINGS CO., INC.,<br>MENARDS, INC.,<br>TCL HOME APPLIANCES COMPANY<br>LIMITED North America, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**Order to Show Cause**

Plaintiffs brought a negligence and product liability action against Defendants in Hendricks County Superior Court. (Pl.'s Compl., ECF No.1-2.) Plaintiffs allege that their insureds' house caught on fire as the result of using a Soleus Air dehumidifier. (*Id.* at ¶¶ 14-16.) Seeking to invoke this Court's diversity jurisdiction, Defendant Menards, Inc. ("Menards") filed a Notice of Removal (ECF No. 1).

However, it does not appear that this Court has jurisdiction to adjudicate the claims that Defendant seek to remove. "Courts . . . have an independent obligation

1

to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Id.*, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A party seeking to invoke diversity jurisdiction under 28 U.S.C. § 1332 must present a claim between parties of diverse citizenship that exceeds the jurisdictional amount. *Arbaugh*, 546 U.S. at 513. The citizenship of a corporation is the state or foreign state where it is incorporated and the state or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The citizenship of an unincorporated association is "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003). Defendant has failed to properly plead the citizenship of Defendants FTL, Inc. d/b/a Soleus NA; TCL Delonghi Home Appliances (Zhongshan) Co., Ltd.; Delonghi America, Inc.; TCL Home Appliances (North America) Company Limited, Soleus International, Inc.; Soleus N.A.; MJC America, Inc.; MJC America, Ltd. d/b/a Soleus International; MJC America Holdings Co., Inc.

Menards must therefore properly plead, for each Defendant corporation, the foreign or domestic state of incorporation and the foreign or domestic state in which it has its principal place of business in order for this Court to determine if diversity

jurisdiction exists. Similarly, as for unincorporated association Defendants, Menards must properly plead the citizenship of all their partners.

Further, "[a]s a general rule, all defendants must join in a removal petition in order to effect removal." *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 272 (7th Cir. 1982). "A petition filed by less than all of the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants." *Id.* at 273. But any defect in the removal process other than the lack of subject-matter jurisdiction will be forfeited unless it is raised within thirty days. *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998) (citing 28 U.S.C. § 1447(c)). Menards does not state whether the other Defendants join in its removal petition. Therefore, while Menards' failure to join all the Defendants in its notice of removal may not be fatal to the Court's jurisdiction, the parties should address this failure.

Defendant shall have through **March 2, 2020** to file an amended Notice of Removal or otherwise show cause why this action should not be remanded for lack of subject-matter jurisdiction. In doing so, Defendant must clearly identify the state(s) of each party's citizenship and principal place of business, as appropriate, as set out herein. Failure to do so in the time allotted will result in the remand of this action without further notice or opportunity to show cause.

**SO ORDERED**.

Date: 2/3/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution via CM/ECF to all registered parties.

3